UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ALEXANDER MADDOX,

       Petitioner,                      Case No. 20-cv-10347
                                          Hon. Matthew F. Leitman

v.

JEFF TANNER,

       Respondent.
_____/

**ORDER CORRECTING CLERICAL ERROR IN COURT'S SEPTEMBER 26, 2024, ORDER (1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1) AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

On September 26, 2024, the Court issued an order denying Petitioner Anthony Alexander Maddox's petition for a writ of habeas corpus. (*See* Order, ECF No. 25.) Maddox has now filed a Notice of Appeal of that order. (*See* Notice of Appeal, ECF No. 27.) After Maddox filed his Notice of Appeal, the Court reviewed its September 26 order. In the course of that review, the Court noticed a clerical error in Section (III)(A)(4) of the order. More specifically, at four points in that section of the Court's order, the Court referred to witness Crystle White where it meant to refer to Maddox. (*See id.*, PageID.1394-1395.) The Court therefore **AMENDS** its September 26 order to correct that clerical error. As corrected, Section (III)(A)(4) shall read as follows:

1

The Court next turns to the second component of Maddox's ineffective assistance claim, namely that his trial counsel was ineffective for failing to present a proper foundational witness to admit the victim's cell phone records and a report related to those records.[3] Maddox says that had that evidence been admitted, it would have shown that the victim was not at the house as described by the prosecution witnesses.

This ineffective assistance claim fails because Maddox has failed to establish prejudice from his trial counsel's failure to secure admission of the cell phone records and related report. Maddox insists that this evidence would have been helpful to his defense, but he has not provided those records, the related report, and/or other evidence in support of this claim to the Court. Nor has he produced any other evidence that could establish that there is a reasonable probability that those records would have caused any juror to have struck a difference balance. Because Maddox's allegations with respect to this claim are conclusory and not supported by any evidence, they are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (holding that conclusory allegations of ineffective assistance of counsel do not justify habeas relief). *See also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (explaining that bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review).

For all of these reasons, Maddox is not entitled to federal habeas relief on his ineffective assistance claims.

---

[3] As explained above, because the state trial court did not properly apply the *Strickland* standard when it reviewed this claim of ineffective assistance, the Court reviews this claim *de novo*.

The Court deems it appropriate to enter this order of clarification even though a Notice of Appeal has been filed because this order makes no substantive changes to the order and judgment that are the subject of the appeal. Instead, this order will facilitate appellate review by eliminating the confusion that would have existed if the Court had left uncorrected its erroneous references to "White" rather than to "Maddox."

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126